**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MANISH KUMAR,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN, FCI FORT DIX, *et al.*,<br><br>                    Respondents. | Civil Action No. 26-1513 (GC)<br><br>**MEMORANDUM & ORDER** |

Petitioner is a convicted and sentenced federal prisoner currently incarcerated at FCI Fort Dix, Fort Dix MDL, New Jersey.  He is proceeding with a petition for writ of habeas corpus and motion for temporary restraining order/preliminary injunction (Petition) pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner challenges the Department of Homeland Security's issuance of a Form I-860 Notice and Order of Expedited Removal on January 16, 2026.  (*Id.* at 5.)

Petitioner filed this Petition electronically from the email address "immigration-project@protonmail.com."  Pursuant to Local Civ. R. 5.2(4), "Pro Se Parties - A party who is not represented by counsel must file documents with the Clerk as a Paper Filing."  Petitioner shall submit a writing to the Court indicating whether or not he is represented by counsel who is eligible for electronic filing under the Court's local rules.

Furthermore, when he submitted his Petition, Petitioner did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a), or apply to proceed *in forma pauperis* ("IFP").

**IT IS**, therefore, on this day 23rd of February, 2026, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Petition; Petitioner is informed that administrative termination is not a "dismissal" for

purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank form DNJ-Pro Se-007-B-(Rev. 09/09) by regular U.S. mail; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within thirty (30) days of the date of entry of this Order; Petitioner's writing shall include a statement indicating whether or not he is represented by counsel who is eligible for electronic filing under the Court's local rules, and either (i) a complete IFP application or (ii) the five-dollar filing fee; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and indicating whether or not he is represented by counsel who is eligible for electronic filing under the Court's local rules, and either (i) a complete IFP application or (ii) the five-dollar filing fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge

2