**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANISH KUMAR,<br><br>                    Petitioner,<br><br>      v.<br><br>WARDEN, FCI FORT DIX, *et al.*,<br><br>                    Respondents. | Civil Action No. 26-1513 (GC)<br><br>**MEMORANDUM & ORDER** |

Petitioner is a convicted and sentenced federal prisoner currently incarcerated at FCI Fort Dix, Fort Dix MDL, New Jersey. Petitioner submitted a document docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order (TRO) and preliminary injunction (Petition). (ECF No. 1.) In his Petition, Petitioner challenges the Department of Homeland Security's issuance of a Form I-860 Notice and Order of Expedited Removal on January 16, 2026.[1] (*Id.* at 5.)

On February 23, 2026, the Court entered a Memorandum and Order (February 23, 2026 Memorandum and Order) ordering the Clerk of the Court to administratively terminate this case. (ECF No. 2 at 1.) The Court ordered that, if Petitioner wished to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within thirty (30) days of the date of entry of the February 23, 2026 Memorandum and Order. (*Id.* at 2.) Petitioner's writing shall

---

[1] Petitioner names as Respondents (in their official capacities): Warden, FCI Fort Dix; Director, ICE ERO Mount Laurel; then-Secretary of Homeland Security Kristi Noem; and Attorney General Pam Bondi. (ECF No. 1 at 8.)

include a statement indicating whether he is represented by counsel who is eligible for electronic filing under the Court's local rules, and either (1) a complete *in forma pauperis* application or (2) the five-dollar filing fee.  (*Id.*)

The Clerk of the Court has received the five-dollar filing fee, and Petitioner has submitted correspondence stating that he is representing himself in this matter and is not currently represented by counsel eligible for electronic filing under the Court's local rules.  (ECF Nos. 3 & 4.)

Under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4"), applicable to 28 U.S.C. § 2241 cases through Habeas Rule 1(b), the Court must promptly examine the Petition to determine whether it should be dismissed on the grounds that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Habeas Rule 4.  This Court has screened the Petition for dismissal pursuant to Habeas Rule 4 and has determined that dismissal without an expedited answer and production of the record is not warranted.

**IT IS**, therefore, on this 11th day of March, 2026, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attached exhibit (ECF No. 1-1), and this Memorandum and Order upon Respondents by electronic mail and regular U.S. Mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition (ECF No. 1), the attached exhibit (ECF No. 1-1), and this Memorandum and Order to the Chief, Civil Division,

United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within fourteen (14) days of the date of entry of this Memorandum and Order, Respondents shall file and serve a full and complete answer to the Petition, which responds to the factual and legal allegations of the Petition, including Petitioner's TRO request; and it is further

**ORDERED** that the answer shall include Petitioner's projected prison release date and indicate whether Respondents intend to release and remove Petitioner prior to completion of his sentence; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents, with the answer, shall electronically file, and serve on Petitioner, certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition and TRO request within seven (7) days after the answer is filed; and it is further

**ORDERED** that within three (3) days after any change in Petitioner's custody or immigration status (be it release or otherwise) occurring any time during the pendency of this case, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge